## THEA MILLER v. PHILIP J. MACKEY.[1]

November 25, 1927.

No. 26,327.

**Verdict sustained that services were rendered pursuant to contract for compensation.**

    The evidence sustains a finding of the jury that plaintiff rendered services to decedent pursuant to a contract providing for compensation.

Executors and Administrators, 24 C. J. p. 867 n. 11.

Defendant as administrator of the estate of Frank R. Neat appealed from a judgment of the district court for Ramsey county, Richard D. O'Brien, J. Affirmed.

*Denegre, McDermott, Stearns & Stone,* for appellant.

*Humphrey Barton,* for respondent.

PER CURIAM.

Appeal from a judgment entered after denial of defendant's motion for judgment non obstante. There was no motion for a new trial. The sole question is the sufficiency of the evidence.

Plaintiff claims wages for doing housework for deceased in his lifetime. Deceased died September 4, 1925. His wife died in 1918. He was employed by the Pullman Company as its St. Paul superintendent. He had an office in the St. Paul Union Depot wherein plaintiff was employed as a telephone information clerk. She is a divorced woman with one son about 20 years old. She kept an apartment. Soon after the death of Mrs. Neat, deceased began to frequent plaintiff's home, particularly having dinner with her. Her hours of employment were 6:30 a. m. to 3:00 p. m. Deceased maintained an eight-room home on Laurel avenue. He asked plaintiff to take care of the house. She went there off and on to keep his home in order. In November, 1919, she promised to go there every day. She kept the promise, arriving about 3:30 p. m. when she

[1]Reported in 216 N. W. 245.

would "straighten out the house, dust, clean and get dinner and prepare the things for his breakfast, and during the preserving time * * * would do all the preserving and take care of the house in general." She worked until about 9 or 11 o'clock p. m. when she would go to her home. This continued until May, 1925, when she and her son, for temporary purposes only, moved into the home of deceased where they lived until he suddenly died September 4, 1925. She continued her employment.

During the life of decedent she did not receive any compensation. She did not ask for any. She kept no bank account, and she turned part of her income over to decedent for safe-keeping. Their relations toward the last resembled a family relation. He was considerate of her and recognized her as his social equal. He gave her many presents. They became engaged to be married. The situation near the close of the period in which she did the work was quite different from the beginning. The change was gradual. The circumstances and conduct of the parties as disclosed by the evidence is sufficient to support the conclusion of the jury that a contract was made between plaintiff and decedent by the terms of which decedent agreed to pay for her services. Neutgens v. Rehmann, 170 Minn. 499, 212 N. W. 943, and cases cited. The verdict could have been either way.

Affirmed.